## ELEVATOR SUPPLY & REPAIR CO. v. PEDERSEN.

(Circuit Court, S. D. New York. February 28, 1907.)

PATENTS—INFRINGEMENT—ELECTRIC SIGNALING APPARATUS.

The Armstrong patent No. 499,411, the Opdyke patent No. 572,561, and the Smalley & Reiners patent No. 634,220, all relating to an electric signaling apparatus for elevators, held valid and infringed.

In Equity. Suit to restrain alleged infringement by defendant of certain United States letters patent owned by the complainant, and for an injunction.

Emerson R. Newell, for complainant.

Quincy Ward Boese and Ernest W. Stratmann, for defendant.

RAY, District Judge. As the case is finally submitted, the patents in suit are the C. G. Armstrong, No. 499,411, dated June 13, 1893, claims 1, 2, 3, 7, 8, 10, 11, 12, 13, 14, 15, and 16; Stacy B. Opdyke, Jr., No. 572,561, dated December 8, 1896, claims 19, 20, and 21; and James B. Smalley and Charles A. Reiners, No. 634,220, dated October 3, 1899, claims 2, 17, and 18. These relate to electric signaling apparatus, and the infringement claimed is the installation by de-

fendant of the electric signaling apparatus for elevators in the Presbyterian building, 156 Fifth avenue, New York City. The defendant's alleged infringing structure has at each floor and above the doorway of each shaft an up incandescent floor light and also a down incandescent floor light. On each floor is a single push-button box having an up push button and a down push button. A person desiring to take passage up pushes the "up" button, and, when the very first upgoing elevator approaches that floor and is within three or four floors of the passenger who has pushed the button, the "up" floor light on that floor for that shaft lights up. The light within the elevator car for signaling the operator in the car of the elevator also lights up when but a floor and a half away from such intending passenger. When the passenger has entered and the car moves away, and as it commences to move, a restoring circuit is automatically closed. This energizes a restoring magnet in the push-button box, and permits the push button switch to snap out and break the circuits. When the car moves downwardly the same general operation takes place. The signal lights, both for waiting or intending passenger and operator of the car, are not lit up until the proper push button on a floor has been actuated by such intending passenger and the elevator is approaching that floor and is within three or four floors of him. This results from the fact that there are always two breaks in each lamp circuit, one at the push-button box and the other at the commutator, which is in part actuated by the movement of the car and which determines the time when the second break shall be closed and the lamp lighted. I cannot see any advantage to any one in going into a detailed description of defendant's construction, connections, and mode of operation, and then comparing them with those of the patents in suit and prior patents in evidence, which would have to be done in order to be intelligible. The defendant defines his defenses as follows:

"Defendant's contention is that, when the three patents in suit are construed in the light of what is therein shown and described and their positions in the art of electric signaling apparatus for elevators, the defendant's apparatus in the Presbyterian building does not infringe, and each patent may be valid.

"When the patents in suit are construed as broadly as complainant contends, in order to make out infringement, then the said patents are anticipated by the prior art.

"The defendant contends that, in view of the prior art, the combinations of elements or devices particularly pointed out in the several claims in suit must be strictly construed and limited to the particular combinations of elements or members having the specific mode of operation set forth in the specification as therein shown and described, and that all combinations of elements or members having other and materially different modes of operation by which a general result may be accomplished are not the combinations recited in the several claims in issue; whereas the complainant contends that the Armstrong patent in suit is a pioneer patent, and as such entitled to a broad range of equivalents so as to cover combinations having essentially different modes of operation, and that the Opdyke and Smalley & Reiners patents, except as limited by the Armstrong patent, are also to be thus broadly construed and thereby bring within their grasp defendant's signaling apparatus."

I have examined the patents in suit, the prior patents, the details of defendant's devices and construction and mode of operation, and also the expert evidence, and am satisfied that, having in view the prior art, the complainant is entitled to a sufficiently broad construction of the

claims of its patents to cover defendant's construction. Complainant's patents are valid, and infringement of the claims specified of the patents in suit is made out. I cannot find that defendant's construction or combination with its mode of operation presents other and different modes of operation from complainant. It seems to me they are essentially the same, giving the complainant's patents the construction they are entitled to.

There will be a decree for the complainant adjudging the validity of his claims in dispute, infringement thereof by defendant, and for an accounting, with costs.